# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNERD JAMES CRAIG, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 13-CV-701-GKF-PJC |
| TRACY McCOLLUM, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5). Respondent also filed a brief in support of the motion (Dkt. # 6). Petitioner, a state inmate appearing pro se, filed a response to the motion to dismiss (Dkt. # 9). For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice.

### *BACKGROUND*

The record reflects that, on April 6, 2009, Petitioner Bennerd James Craig was convicted on his pleas of guilty to First Degree Burglary, After Former Conviction of a Felony (Count 1), and Obstructing an Officer (Count 2), in Tulsa County District Court, Case No. CF-2008-5529. See Dkt. # 6-1 at 16. On that date, the state district judge sentenced Petitioner to fifteen (15) years imprisonment on Count 1 and one (1) year in the Tulsa County Jail on Count 2, with the sentences to be served concurrently. See id. Petitioner did not file a motion to withdraw his guilty pleas and did not perfect a certiorari appeal at the Oklahoma Court of Criminal Appeals (OCCA).

On September 3, 2010, the state district court received Petitioner's motion for sentence modification. Id. at 34. On that date, Petitioner was notified by mail that he was not eligible for sentence modification because he had been confined in the Oklahoma prison system within the ten (10) year period preceding the date of sentencing. Id.

On May 31, 2012, Petitioner filed an application for post-conviction relief (Dkt. # 6-2). By order filed August 3, 2012 (Dkt. # 6-3), the state district judge denied the request for post-conviction relief. Petitioner appealed (Dkt. # 6-4). On August 29, 2013, in Case No. PC-2012-747, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6-5.

On October 23, 2013, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1). He raises three (3) claims challenging the validity of his conviction and sentence: (1) the trial court erroneously accepted the plea of guilty to First Degree Burglary without establishing a factual basis for the plea, (2) Petitioner is factually innocent of the crime of First Degree Burglary, and (3) he received ineffective assistance of trial counsel. Id. Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on October 15, 2013. Id. at 9. Thus, under the prisoner mailbox rule, the earliest file date for this petition is October 15, 2013. See Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent argues that the petition is barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5, 6.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

  The one-year limitations period for each of Petitioner's habeas claims began to run under § 2244(d)(1)(A), when Petitioner's convictions became final. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2008-5529, his convictions became final on April 16, 2009, or ten (10) days after pronouncement of his Judgment and Sentence on April 6, 2009. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock began to run on April 17, 2009.

3

Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, April 19, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). At the very earliest, Petitioner commenced this habeas action on October 15, 2013, see Dkt. # 1 at 9, or more than three (3) years beyond the deadline. Absent either statutory or equitable tolling, this habeas petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the one-year period, 28 U.S.C. § 2244(d)(2), Petitioner did not seek post-conviction or collateral relief during the one-year period. Petitioner filed his motion for sentence modification on September 3, 2010, and his application for post-conviction relief on May 31, 2012. Both of those filings occurred after the one-year limitations period had already expired on April 19, 2010. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the collateral proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a

two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner argues that he is entitled to equitable tolling because he was unable to access legal materials during the one-year period. See Dkt. # 9 at 1-2. Petitioner states that, on June 17, 2009, or approximately two (2) months after his sentencing, he was transferred to Lexington Assessment and Reception Center (LARC) where he remained until July 1, 2009. Id. at 2. On July 1, 2009, he was transferred to Tillman County Jail where "jail staff prevented [him] from accessing a law library or legal research assistance." Id. Petitioner claims that, in September, October, and December 2010, while he was in custody at the Tillman County Jail, he wrote letters to Tulsa County District Court "asking for help in addressing his issues." Id. Petitioner states that, on January 4, 2011, he was transferred to the Oklahoma State Reformatory (OSR). Petitioner also contends that he "first became aware of both federal habeas corpus proceedings and AEDPA time limitations, and the factual predicate that led to his instant claims" on or about May 20, 2012, when he discussed his case with a "newly appointed legal research assistant who was housed on the same unit as Petitioner at [OSR]." Id. at 3.

Significantly, nothing in the record suggests that Petitioner took any action to challenge his convictions during the one-year limitations period. While the docket sheet for Tulsa County District

5

Court, Case No. CF-2008-5529, supports Petitioner's claim that he wrote letters to Tulsa County District Court, see Dkt. # 6-1 at 34, 35, 37, the letters themselves are not part of the record in this matter and Petitioner fails to describe the content of the letters or to explain how the letters are relevant to his claim for equitable tolling.[1] Also, as stated above, the state district court received the letters in September, October, and December 2010, id., or after the one-year period had already expired. Although obstructive action by prison officials involving the "complete confiscation" of a petitioner's legal materials has been found to constitute extraordinary circumstances warranting equitable tolling, United States v. Gabaldon, 522 F.3d 1121, 1126 (10th Cir. 2008), Petitioner has not explained how the alleged lack of access to a prison or jail law library prevented him from timely filing his petition. Petitioner's assertion of inadequate access to a prison or jail law library for the first three years of his current incarceration does not explain his lengthy delay in filing the habeas petition. See Miller, 141 F.3d at 978 (holding petitioner's contention he was housed in private correctional facility where he lacked access to federal statutes and case law for approximately two year period of time did not warrant equitable tolling). "It is not enough to say that the [county jail] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate . . . . It is apparent that [Petitioner] simply did not know about the limitation in the AEDPA until it was too late." Id.

---

[1] In his response, Petitioner states only that he wrote letters to Tulsa County District Court "asking for help in addressing his issues." See Dkt. # 9 at 2. Petitioner's generalized and vague statement provides little insight into the subject matter of his letters. Petitioner's letters could have concerned a variety of subjects, including but not limited to, his lack of access to legal materials at the Tillman County Jail, available procedures for challenging his Tulsa County conviction or for seeking modification or reduction of his sentence, and/or requests for counsel or transcripts or other records. Petitioner's vague reference to letters "asking for help in addressing his issues" does not entitle him to equitable tolling.

Petitioner's additional asserted reasons for the delay, including his lack of awareness of the federal habeas remedy and the habeas filing limitation, also fail to justify equitable tolling. See Gibson, 232 F.3d at 808 (holding petitioner's alleged ignorance of AEDPA's statute of limitations is not sufficient to warrant equitable tolling). Petitioner has not shown that he "diligently pursue[d] his claims" during the time the limitation period was running, and Petitioner has not shown that his "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).

Lastly, the Court recognizes that Petitioner claims to be "factually innocent of the crime of Burglary in the First Degree." See Dkt. # 1 at 5. A claim of actual innocence may overcome the bar resulting from the one-year statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress [ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (internal quotation marks omitted). Petitioner claims that in the "Summary of Facts" statement supporting his guilty plea, he wrote that "[o]n November 4, 2008 in Tulsa County, I entered the residence of the Allens while they were home. I didn't have their permission to enter their house. I was going to take things. I ran from police." See Dkt. # 1 at 5. Petitioner argues that his statement was insufficient to satisfy the "element of breaking" required to be convicted of First Degree Burglary. Id. Petitioner's argument is one of legal innocence as opposed to factual innocence and, thus, does not provide a basis for equitable tolling. See Gabaldon, 522 F.3d at 1124 n.2 (10th Cir. 2008) (noting that "[a]ctual (factual) innocence is a ground for

7

applying equitable tolling," but that "legal innocence" is not); Laurson, 507 F.3d at 1232-33 (noting that actual innocence means factual innocence); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir.2000) (noting that legal defenses relate to legal, not factual innocence).

In summary, Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Therefore, Petitioner has failed to demonstrate entitlement to equitable tolling and his petition for writ of habeas corpus shall be dismissed as untimely.

## *CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

8

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered in this matter.

**DATED** this 21st day of May, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT